UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ANDREW MORRIS and INGA MORRIS,  :

              Plaintiffs,  :  CIVIL ACTION NO. 3:12-CV-1664

                v.  :

                          (Judge Kosik)

USAA CASUALTY INSURANCE  :
COMPANY,
            Defendant.  :
_____

**MEMORANDUM**

Before the court are outstanding discovery motions filed in the above-captioned action. We will address the outstanding discovery motions seriatim.

**BACKGROUND**

The instant action arises out of a motor vehicle accident involving Plaintiff, Andrew Morris, that occurred on July 5, 2006. At the time of the accident, Plaintiff, Andrew Morris, was insured through a personal insurance policy with Defendant USAA. Following the motor vehicle accident, Plaintiff, Andrew Morris, submitted a claim for underinsured motorist benefits with Defendant USAA. The action proceeds on a Second Amended Complaint (Doc. 33). In the Second Amended Complaint, Plaintiffs set forth three causes of action against Defendant: Count I- Breach of Contract; Count II- Bad Faith; and Count III- Loss of Consortium.

The court notes the contentious relationship between the parties, which has resulted in the filing of numerous discovery motions. After the filing of discovery motions by the parties, the court held a discovery conference on January 29, 2015. At that time, the court attempted to facilitate a dialogue between counsel. As a result of the conference, and subsequent thereto, counsel agreed to a partial resolution of discovery matters (Doc. 100). Plaintiffs' Motion to Extend Discovery Deadlines (Doc.

69) and Supplemental Motion for Extension of Time to Complete Discovery (Doc. 82) will be denied as moot. Discovery on the issue of bad faith was extended until April 1, 2015.

Defendant filed a Motion to Quash and Motion for Protective Order in Connection with Plaintiffs' Notice of Corporate Designee Deposition for Testimony Regarding Plaintiff's Claims for First Party Benefits (Doc. 72). We will deny Defendant's Motion as moot, in light of the fact that Defendant's Corporate Designee, Lynn Parker, was partially deposed in December 2014[1].

Plaintiff has filed a Motion to Compel Answers to Plaintiff's Interrogatories (Doc. 87). At the time of the conference, Defendants agreed to Answer the Interrogatories raised in the Motion to Compel. Accordingly, we will deny Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories (Doc. 87) as moot.

Plaintiff also filed a "Motion to Compel Claims Log File After August of 2012; Reserves and to Compel Deposition of a USAA Representative That Had Most Knowledge of the Claims Handling of Mr. Morris' UIM Claim After August 7, 2012; PIP File and Supplemental Motion for Enlargement of Time to Complete Bad Faith Discovery " (Doc. 83) on December 19, 2014. On March 13, 2015, the Plaintiff filed a Motion to Withdraw Motion to Compel Production of Post Litigation Claims Log (Doc. 117). The Court granted the Motion on March 16, 2015 (Doc. 118). Thus, the Plaintiff's Motion to Compel (Doc. 83) is deemed withdrawn[2].

Following the discovery conference with the court, several more discovery motions were filed with the court. We will address the latest round of motions below.

---

[1]Apparently the parties are engaged in discussions as to when the deposition of Lynn Parker will be concluded.

[2]While Plaintiff requests several other things in his Motion to Compel, these requests will be addressed below.

**DISCUSSION**

It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy. The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. See Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. Discovery may be properly limited where:

> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See Fed. R. Civ. P. 26(b)(2)(C).

With this standard in mind, we will address the outstanding discovery motions.

**I. Defendant's Cross-Motion for Protective Order in Connection with Plaintiff's Request for Discovery of Post-Litigation Attorney-Client Communications and Work Product (Doc. 104)**

On February 13, 2015, Defendant's filed a Cross-Motion for Protective Order in Connection with Plaintiff's Request for Discovery of Post-Litigation Attorney-Client Communications and Work Product (Doc. 104). The Motion references Documents 83, 86, 99, and 101. A Brief in Support thereof was filed on March 6, 2015 (Doc. 112). As we indicated above, Plaintiffs have withdrawn the Motion to Compel

Production of Post Litigation Claims Log (Docs. 117 and 118).  As to the remainder of Defendant's Motion regarding discovery, documents or correspondence dated after August 7, 2012, and which contain attorney-client communications and/or work product, we note that Plaintiff has failed to file an opposition brief.

Middle District Local Rule 7.6, provides that failure to file a brief in opposition to a motion will result in the motion being deemed unopposed.  Because Plaintiffs did not file a brief in opposition to Defendant's request for a protective order regarding discovery of post-litigation attorney-client communication and work product, we will deem that portion of the Motion to be unopposed.  The Defendant's Motion for Protective Order (Doc. 104) will be granted.

## II. Defendant USAA Casualty Insurance Company's Motion to Quash Notice of Videotaped Deposition of Lynn Parker and Motion for Protective Order (Doc. 119)

On March 23, 2015, Defendant filed the instant Motion to Quash and Motion for a Protective Order (Doc. 119) and Brief in Support thereof (Doc. 120).  On April 28, 2015, Plaintiffs filed a Response (Doc. 130), wherein they stated that they have withdrawn the arbitration clause issue and that the Motion is moot.  On May 11, 2015, Defendant filed Reply Brief (Doc. 136) agreeing that the Motion is moot.

## III. Defendant's Motion to Quash Notice of Videotaped Deposition of the USAA Designated Representative and Motion for Protective Order (Doc. 121)

On March 23, 2015, Defendant filed a Motion to Quash and Motion for a Protective Order (Doc. 121) arguing that the Notice of Deposition was vague and overly broad.  The Motion also sought to quash Plaintiffs' request for reserve information.  The matters have been briefed by the parties.

After reviewing the documents submitted by the parties, we will deny Defendant's Motion to Quash Notice of Videotaped Deposition. As to the Motion for Protective Order, we will grant the Motion to the limited extent that Plaintiff is seeking confidential information as to other cases, but we will deny the motion with respect to information regarding the SI Unit or Low Impact Unit as it relates to this case. Additionally, the Motion for Protective Order as to reserve information will be denied[3].

**IV. Defendant's Motion to Quash Notice of Videotaped Deposition of Josue Robles and Motion for Protective Order (Doc. 123)**

On March 24, 2015, Defendant filed a Motion to Quash Notice of Videotaped Deposition of Josue Robles and Motion for Protective Order (Doc. 123). The Motion refers to a Notice of Deposition of Josue Robles, the former President and Chief Executive Officer of Defendant USAA, regarding correspondence sent to Mr. Robles by Plaintiff, Andrew Morris', father. The matter has been briefed by the parties.

We have reviewed the briefs, attachments, and arguments submitted by the parties. We agree with Defendant's position and the cases cited therein, that good cause to quash the deposition of Josue Robles, the former President and Chief Executive Officer of USAA. Accordingly, we will grant Defendant's Motion.

**V. Status Report**

Because of the contentious nature of counsel in this case and the numerous discovery disputes that have arisen in this case, as evidenced by the numerous discovery motions addressed in this Memorandum, we will direct counsel to file a status report within twenty (20) days from the date of this Order. We direct counsel to confer and to advise the court of the future direction of this case and any outstanding matters that remain.

---

[3]As the parties point out, there is a split of authority on whether reserve information is discoverable, however, we agree with the lines of cases, including those in this district, that have found reserve information to be discoverable.