UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ANDREW MORRIS and INGA MORRIS,          :
                                                               :
                       Plaintiffs,                        :
                                                               :         CIVIL ACTION NO. 3:12-CV-1664
                                                               :
                       v.                                    :
                                                               :         (Judge Kosik)
USAA CASUALTY INSURANCE          :
COMPANY,                                                :
                                                               :
                       Defendant.                       :
_____

**MEMORANDUM**

Before the Court are outstanding discovery motions filed in the above-captioned action.  We will address the motions seriatim.

## DISCUSSION

### I. Defendant's Motion to Quash Document 153 and Document 154 (Doc. 159)

On October 28, 2015, Defendant filed a Motion to Quash Document 153, "Plaintiff's Response," and Document 154, "Plaintiff's Response Brief."  Documents 153 and 154 were filed in response to Defendant's Motion to Bifurcate the Bad Faith Claim from the Breach of Contract and Loss of Consortium Claims for Trial (Doc. 143).  The matter has been briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We will grant Defendant's motion as to Document 154, and we will deny the motion as to Document 153.

### II. Defendant's Motion to Quash Document 152 and Document 155 (Doc. 157)

On October 28, 2015, Defendant filed a Motion to Quash Document 152, "Plaintiff's Response," and Document 155, "Brief Response."  The matter has been briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We will grant Defendant's motion as to Document 155, and we will deny the motion as to Document 152.

**III.  Defendant's Motion to Bifurcate the Bad Faith Claim from the Breach of Contract and Loss of Consortium Claims for Trial (Doc. 143)**

On September 4, 2015, Defendant filed a Motion to Bifurcate the Bad Faith Claim from the Breach of Contract and Loss of Consortium Claims for Trial (Doc. 143).  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  Rule 42(b) of the Federal Rules of Civil Procedure provides that a court may order a separate trial of one or more separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  FED.R.CIV.P. 42(b).  The moving party bears the burden of showing that bifurcation is appropriate.  "Specifically, the court is to consider: (1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the [moving] party would be prejudiced if bifurcation is not granted."  Griffith v. Allstate Ins. Co., 90 F. Supp. 3d 344, 346 (M.D.Pa. 2014) (quoting Cooper v. Metlife Auto & Home, 2013 WL 4010998, *2 (W.D.Pa. Aug. 6, 2013)).  After consideration of the above factors, we find that Defendant has not met its burden of showing that bifurcation is appropriate.  We find that there is an overlap in the issues of the separate claims, and that having one trial would better serve judicial economy.  Therefore, we will deny Defendant's motion.

**IV.  Defendant's Motion in Limine to Preclude Bad Faith Expert Testimony at Trial (Doc. 144)**

On September 4, 2015, Defendant filed a Motion in Limine to Preclude Bad Faith Expert Testimony at Trial.  (Doc. 144.)  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  Although we agree generally that an expert opinion is not required in bad faith cases, there are times when expert testimony is appropriate.  We find that Mr. Setcavage's testimony would be helpful to

the jury, but Mr. Setcavage is precluded from offering any legal conclusions. Although Mr. Setcavage states in his report that his opinions are not offered as legal conclusions, we find that there are portions of his report, which go to the ultimate issues in this case. Therefore, we will deny Defendant's motion to preclude bad faith testimony, with the caveat that the bad faith expert testimony may not contain legal conclusions.

**V. Defendant's Motion to Exclude Deposition of William Muscara, D.C. (Doc. 151) From Use at Trial for Failure to Comply with Local Rule 30.10 and Federal Rule of Civil Procedure 5(d)(1) (Doc. 164)**

On November 9, 2015, Defendant filed a Motion to Exclude Deposition of William Muscara, D.C. (Doc. 151) from Use at Trial for Failure to Comply with Local Rule 30.10 and Federal Rule of Civil Procedure 5(d)(1). (Doc. 164.) The matter has been fully briefed by the parties.

We have reviewed the briefs, arguments, and deposition transcript submitted by the parties. In response to the motion, Plaintiffs appear to concede that they did not submit the deposition of William Muscara, D.C., for trial purposes. Therefore, we will grant Defendant's motion at this time, with the understanding that the deposition of William Muscara, D.C., may eventually be used at trial, but after the objections within, have been resolved.

**VI. Defendant's Motion to Quash Document 163 (Doc. 166)**

On November 9, 2015, Defendant filed the instant motion, seeking to quash a letter from Plaintiffs' counsel, Michael Foley, to the Court. The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties. Plaintiffs' counsel filed a letter, informing the Court of a Pennsylvania Superior Court case that was not addressed in his prior filing. The letter was also electronically filed, which gave notice to the Defendant. We will deny Defendant's motion to quash the letter.

**VII.  Plaintiffs' Motion to Compel Production of Reserves for 2014 and 2015 and Ongoing (Doc. 174)**

On November 18, 2015, Plaintiffs filed the instant motion (Doc. 174).  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We find that Defendant has complied with our previous order, denying the request for a protective order as to the reserve information, and has produced the reserve information as indicated.  Therefore, we will deny Plaintiffs' motion.

**VIII.  Defendant's Motion in Limine to Preclude Evidence Concerning Other Claims and Litigation Against Defendant (Doc. 181)**

On December 1, 2015, Defendant filed the instant motion (Doc. 181).  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We will grant Defendant's motion and preclude Plaintiffs from offering any evidence, argument, comment or reference to any other claims or litigation to which Defedant is or has ever been a party, at any time during the course of the trial.

**IX.  Defendant's Motion in Limine to Preclude Evidence of Andrew Morris' Montgomery County Lawsuit Against Defendant (Doc. 183)**

On December 1, 2015, Defendant filed the instant motion (Doc. 183).  The matter has been fully briefed by the parties.  On March 29, 2016, Plaintiffs filed a letter with the Court (Doc. 219), stating that the Plaintiffs stipulate that testimony given in the arbitration of the First Party Benefit claim in Montgomery County, will not be utilized in the instant case. Therefore, we will grant Defendant's motion.

**X. Defendant's Motion in Limine to Preclude Evidence of Claim Handling and Defendant's Corporate Designees' Testimony (Doc. 185)**

On December 1, 2015, Defendant filed the instant motion (Doc. 187) to preclude Plaintiffs from offering evidence related to the underinsured motorist ("UIM") claim, during the trial of the breach of contract and loss of consortium claims, if the Court were to grant the motion to bifurcate.  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  As we did not grant Defendant's motion to bifurcate, we will deny Defendant's instant motion.

**XI.  Plaintiffs' Motion in Limine to Exclude Testimony of Defense Experts Dr. Fisher and Dr. Fedder of Exponent (Doc. 187)**

On December 1, 2015, Plaintiffs filed the instant motion (Doc. 187).  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We agree with Defendant that Plaintiffs' objections to the testimony of Dr. Fisher and Dr. Fedder, goes to the credibility of the opinions more than their reliability.  Therefore, we will deny Plaintiffs' motion.

**XII.  Plaintiffs' Motion in Limine to Exclude Allegations of Plaintiff's Conduct as a Defense (Doc. 188)**

On December 1, 2015, Plaintiffs filed the instant motion (Doc. 188).  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We will deny Plaintiffs' motion, as we agree with Defendant that the motion is premature at this time. Plaintiffs may raise appropriate objections, if necessary, at trial.

**XIII.  Plaintiffs' Motion in Limine to Exclude Any Evidence of the Amount Paid by the Tortfeasor (Doc. 189)**

On December 1, 2015, Plaintiffs filed the instant motion.  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We agree with Defendant and find that, since the evidence of the amount paid by the tortfeasor is relevant as to Plaintiffs' bad faith claim, it will not be excluded.  Therefore, we will deny Plaintiffs' motion.

**XIV.  Plaintiffs' Motion in Limine to Exclude Any Reference to Evidence that the Plaintiff had a Lawsuit Against Dr. Welch (Doc. 190)**

On December 1, 2015, Plaintiffs filed the instant motion.  The matter has been fully briefed by the parties.

We have reviewed the briefs and arguments submitted by the parties.  We agree with Defendant that the fact Plaintiff had a lawsuit against Dr. Welch, may be relevant to Dr. Welch's credibility as a witness, as Plaintiffs may rely upon Dr. Welch as an expert or fact witness.  Therefore, we will deny Plaintiffs' motion.

**XV.  Plaintiffs' Motion in Limine to Strike Objections of Defense Counsel During Deposition of Dr. Vaccaro on March 7, 2016 (Doc. 216)**

On March 15, 2016, Plaintiffs filed the instant motion.  By letter dated March 22, 2016 (Doc. 218), Plaintiffs' counsel informed the Court that Defendant "withdrew the objection regarding Dr. Vaccaro's September 3, 2013 report as the report had been provided, and in fact used in three separate defense expert reports."  Therefore, we construe Plaintiff's motion in limine as withdrawn.

**CONCLUSION**

      A pre-trial conference will be scheduled forthwith.  An appropriate order will follow.